HAND and another, Respondents, vs. CONGER, Appellant.

*February 29 — March 27, 1888.*

*Agency: Sale of land: Commissions.*

> Defendant employed H. to sell certain land. H. employed M. to find a purchaser, and M. employed plaintiffs, agreeing to divide commissions with them if they found a purchaser at a certain price. Plaintiffs found D., who agreed to take the land at the price named on certain terms, and paid $500 towards the purchase to M., who gave a receipt therefor stating the agreed terms of sale. M. paid the $500 to H., who gave him a receipt therefor for D., stating therein the terms of sale as reported by M. to H. At a meeting to consummate the sale H. and D. differed as to the terms. Defendant was willing to execute the contract as stated by H., but not as stated by D. The sale failed, and the $500 was repaid to D. There was no evidence that defendant ever employed plaintiffs, or authorized H. or M. to employ them, or ever ratified their acts in that behalf. *Held,* that defendant is not liable to plaintiffs for any commissions.

APPEAL from the Circuit Court for *Price* County.

This action is to recover commissions on a sale of pine lands in Price county belonging to the defendant *Conger,* alleged to have been earned by the plaintiffs as brokers. The action was originally brought against the defendant *Conger* and one McDonald, but was discontinued as to McDonald during the trial. Motions for a nonsuit, and that the court direct a verdict for the defendant, were denied. The case was submitted to the jury without instructions, by consent of parties. The jury found for the plaintiffs, and assessed their damages at the sum claimed. A motion for a new trial was denied, and judgment for plaintiffs entered pursuant to the verdict. A sufficient statement of the testimony will be found in the opinion. The defendant appeals from the judgment.

For the appellant there was a brief by *A. Haight,* attorney, and *George Gary,* of counsel, and oral argument by *Mr. Haight.*

For the respondents the cause was submitted on the brief of *Willis Hand.*

LYON, J. The only question presented for determination by this appeal is, Does the testimony tend to prove the defendant *Conger* liable for the commissions claimed.

Although the testimony is quite voluminous, the material facts which it tends to prove may be stated somewhat briefly as follows: The plaintiffs are real-estate brokers at Phillips, in Price county. In 1885 defendant *Conger* owned a tract of land in that county. He resides at Elkhorn, in Walworth county. During that year he employed Mr. Haight, residing in Oshkosh, to sell or aid in the sale of such land. Such employment was by parol. It does not appear that Haight had any authority to settle and fix the terms of sale, although *Conger* expressed his willingness to approve of what he might do in the matter. In September, 1885,

Haight employed McDonald (formerly a defendant herein) to find a purchaser for the land, and told him he might have all he got for it over $12,000 as his compensation therefor. It does not appear that any terms of sale other than the price were stated by Haight to McDonald. The latter thereupon agreed with the plaintiffs that if they would find a purchaser of the land for $13,000, they should have a commission of $500 out of the purchase money. The plaintiffs soon found a person, one Davis, who would purchase the land and pay that price therefor on certain terms and conditions. Davis paid McDonald $500 towards the purchase, and McDonald, in his own name, gave him a receipt therefor. The agreed terms of sale were written in the receipt. McDonald paid the $500 to Haight, who gave a receipt therefor to McDonald for Davis, stating therein the terms of the sale as reported by McDonald to Haight. Thereafter McDonald, Davis, and one of the plaintiffs met at Oshkosh to close the sale. Haight and Davis differed as to the terms. Haight refused to take the responsibility of accepting the terms insisted upon by Davis, and Davis refused to accept the terms insisted upon by Haight. Thereupon the four went to Elkhorn and met *Conger*. The latter was willing to execute the contract proposed by Haight, but Davis would not accept it. *Conger* refused to sign the contract proposed by Davis, and so the sale failed, and *Conger* repaid Davis the $500.

There is no evidence that *Conger* ever employed the plaintiffs to sell his land or find him a purchaser therefor, or that he ever authorized either McDonald or Haight to so employ them. Neither is there any proof that *Conger* ever ratified the acts of McDonald or Haight in the matter. He may have learned during the interview at Elkhorn (but not before) that if the sale was consummated at $13,000, the plaintiffs expected to receive and would claim a commission of $500 out of the purchase money, and probably he would

have acceded to such claim.   But it does not appear that he promised to do so, or ever authorized any one else to make such promise for him.   There being no evidence to go to the jury on the question of *Conger's* liability for the commissions claimed, the motion for a nonsuit should have been granted, or a verdict for the defendant directed.   Failing these, the motion for a new trial should have been granted.

*By the Court.*— The judgment of the circuit court is reversed, and the cause will be remanded for a new trial.